UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY WORD,

    Plaintiff,

v.

CITY OF DETROIT, *et al.*,

    Defendants.

Case No.  2:16-cv-11423-LJM-APP
Honorable Laurie J. Michelson
Magistrate Judge Anthony P. Patti

**ORDER GRANTING
CITY OF DETROIT DEFENDANTS' MOTION TO DISMISS [3] AND
DEFENDANTS WOODWARD, NEWTON, AND KING'S MOTION TO DISMISS [8]**

Before the Court is Magistrate Judge Anthony P. Patti's Report and Recommendation. (R. 12.) At the conclusion of his Report and Recommendation, Magistrate Judge Patti notified the parties that they were required to file any objections within fourteen days of service, as provided in Federal Rule of Civil Procedure 72(b)(2) and Eastern District of Michigan Local Rule 72.1(d), and that "[f]ailure to file specific objections constitutes a waiver of any further right of appeal." (R. 12, PID 181–82.)

Although the original deadline to file objections (based off of the January 23, 2017 filing of the Report and Recommendation) was early February 2017, in a prior order, this Court granted additional time to file objections. (R. 14.) The Court noted that Word had recently been incarcerated, had not been able to secure his file that goes with this case, and had not received a copy of the Report and Recommendation. (*See id.*) As such, the Court mailed a copy of the Report and Recommendation and a copy of the docket sheet to Word's prison address and extended the objections deadline to February 24, 2017. Today is March 6, 2017, and still no objections have been filed.

The Court finds that the parties' failure to object is a procedural default, waiving review of the Magistrate Judge's findings by this Court. In *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981), the Sixth Circuit established a rule of procedural default, holding that "a party shall file objections with the district court or else waive right to appeal." And in *Thomas v. Arn*, 474 U.S. 140, 144 (1985), the Supreme Court explained that the Sixth Circuit's waiver-of-appellate-review rule rested on the assumption "that the failure to object may constitute a procedural default waiving review even at the district court level." 474 U.S. at 149; *see also Garrison v. Equifax Info. Servs., LLC,* No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012) ("The Court is not obligated to review the portions of the report to which no objection was made." (citing *Thomas*, 474 U.S. at 149–52)). The Court further held that this rule violates neither the Federal Magistrates Act nor the Federal Constitution.

The Court therefore finds that the parties have waived further review of the Magistrate Judge's Report and accepts his recommended disposition. It follows that Defendants Detroit Police Department, City of Detroit, and Michael Duggan's Motion to Dismiss (R. 3) is GRANTED and Defendants Errol King, O. R. Newton, and Carl Woodward's Motion to Dismiss (R. 8) is GRANTED. These six defendants are DISMISSED.

SO ORDERED.

s/Laurie J. Michelson
LAURIE J. MICHELSON
Dated: March 6, 2017                         U.S. DISTRICT JUDGE

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on March 6, 2017.

s/Keisha Jackson
Case Manager